## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

DECKER, INC.,

    *Plaintiff,*

v.

G&N EQUIPMENT, CO. and
DANIEL ZIEHM,

    *Defendants,* and

G&N EQUIPMENT, CO.,

    *Third-Party Plaintiff,*

v.

ADAGIO GRAPHICS, LLC,

    *Third-Party Defendant.*

Case No.: 05 CV 70128
Hon. Denise Page Hood
Magistrate Donald A. Scheer



RECEIVED
MAY 16 2005
CLERK'S OFFICE
U.S. DISTRICT COURT

---

Gerald E. McGlynn, III (P41149)
Brian S. Pickell (P57411)
Robert A. Bondra (P61345)
BLISS McGLYNN, P.C.
2075 West Big Beaver Road, Suite 600
Troy, Michigan 48084-3443
248-649-6090
*Attorneys for Plaintiff*

Robert J. Figa (P47159)
CAMPBELL, O'BRIEN & MISTELE, P.C.
850 Stephenson Hwy, Suite 410
Troy, Michigan 48083
248-588-5800
*Attorney for Defendants/Third-Party Plaintiff*

K. Scott Hamilton (P44095)
Nicole M. Meyer
DICKINSON WRIGHT, PLLC
500 Woodward Ave, Suite 4000
Detroit, Michigan 48226
313-223-3500
*Attorneys for Third-Party Defendant*

---

## STIPULATED PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, Plaintiff, Decker, Inc., and Defendants, G&N Equipment, Inc. and Daniel Ziehm, hereby stipulate to the following Protective Order:

IT IS HEREBY ORDERED:

1. "Confidential Information" is intended to mean information of a type contemplated by Rule 26(c)(7) of the Federal Rules of Civil Procedure which a party regards as financial, proprietary or otherwise sensitive business or technical information. Such information includes, but is not limited to, trade secrets, research or development information, technical and/or laboratory results and reports, business proposals and strategies, balance sheet information, invoices, price lists, financial statements, lists of present or prospective customers (except that the naming of any such customers as a party to a lawsuit involving the trademark(s) in suit shall not be deemed a disclosure of Confidential Information), contracts and other business or technical arrangements with third parties. Confidential Information shall be used only for the purposes of this litigation, and for no other purpose whatsoever. Further, neither party shall designate publicly available documents or information as being Confidential Information.

2. Documents, information, or tangible items shall be designated Confidential Information within the meaning of this Order in the following ways:

a. In the case of documents and the information contained therein, by placing on the document the legend "CONFIDENTIAL" or words to this effect.

b. In the case of interrogatory answers and the information contained therein, designation shall be made by placing on the pages containing the Confidential Information the legend "CONFIDENTIAL" or words to this effect.

-2-

       c.     In the case of tangible items, designation shall be made by visibly marking the item "CONFIDENTIAL" or words to this effect.

       d.     In producing original files and records for inspection, no marking need be made by the producing party in advance of the inspection. For the purposes of the inspection, documents produced shall be considered as marked "CONFIDENTIAL." Thereafter, upon selection of specified documents for copying by the inspecting party, the producing party shall mark "CONFIDENTIAL" the copies of such documents as may contain Confidential Information.

       3.     With respect to all documents, information, or tangible items, produced or furnished by a party during this litigation, which are designated as Confidential Information by the producing party, such information shall be kept confidential and shall not be given, shown, made available, discussed, or otherwise communicated in any manner ("disclosed"), either directly or indirectly, to any person not authorized to receive the information under the terms of this Protective Order.

       4.     If, in the course of this proceeding, depositions are conducted which involve Confidential Information, counsel or the witness or party producing such information may designate on the record the portion of the deposition which counsel believes may contain Confidential Information. If such designation is made, these portions of said depositions involving such Confidential Information will be taken with no one present except those persons who are authorized to have access to such Confidential Information in accordance with this Protective Order, and a reporter. Transcripts of testimony, or portions thereof, containing the Confidential Information shall be filed only under seal as described in Paragraph 5 until further order of the Court.

5.     Any document or pleading or tangible item which contains Confidential Information, if filed or submitted to the Court, shall be filed in a sealed envelope marked "Confidential - Not to be opened except by order of the Court."

6.     All Confidential Information produced in this action shall not be disclosed in any way to anyone other than:

a.     Attorneys of record and their associate attorneys, and the employees of such attorneys to whom it is necessary that the material be shown for purposes of this litigation.

b.     Independent individuals (i.e. individuals who are not directors, officers, employees, parties, agents, representatives, consultants, regular outside experts, or affiliated with firms who represent or consult for a party or its parent or affiliated companies) retained specifically for the purposes of furnishing technical or expert services or to give expert testimony with respect to the subject matter of this action.

c.     The parties or employees of each of the parties with respect to whom access to such documents or information is necessary for the party's prosecution or defense to this action.

d.     The Court handling the litigation involving the patents in suit and all personnel employed by or working with the Court.

7.     Prior to any disclosure pursuant to Paragraph 6(b) or 6(c), above, counsel shall obtain a written Affidavit, in the form attached hereto as Appendix A, from each person to whom disclosure is to be made, acknowledging that any document, information, or tangible item that has been designated as Confidential Information is subject to this Order. The Affidavits shall be provided to opposing counsel fourteen (14) days in advance of the first disclosure of any

-4-

Confidential Information to such persons. If no objection is made to such person receiving the Confidential Information within such fourteen (14) day period, then Confidential Information may be disclosed to such person. If objection is made, then the party retaining such person may bring before the Court the question of whether the Confidential Information may be disclosed to such person.

8.     No person or party shall directly or indirectly utilize or disclose any Confidential Information obtained pursuant to pretrial discovery in this action, except for the purposes of this action or in accordance with any further Order issued by the Court.

9.     Acceptance by a party of any information, document, or thing designated Confidential shall not constitute a concession that the information, document or thing is Confidential. Either party may contest a claim of confidentiality. If the receiving party disagrees with the designation and marking by any producing party of any material as "Confidential," then the parties shall first try to resolve such disputes on an informal basis. If agreement cannot be reached between counsel, then such dispute may be presented to the Court by motion or otherwise. In the resolution of such matter, the burden of establishing confidentiality shall be on the party who made the claim of confidentiality.

10.     This Order shall be without prejudice to the right of any party to oppose production of any information on grounds other than confidentiality.

11.     This Order shall not prevent any party from applying to the Court for relief therefrom or from applying to the Court for further or additional protective orders, or from agreeing among themselves to modify or vacate this Protective Order, subject to the approval of the Court.

-5-

12.     At the conclusion of this action, including any appeals, all Confidential Information furnished pursuant to this Order and all copies thereof, shall be returned to the producing attorney of record, or, at the producing party's option, destroyed by counsel for the receiving party.

13.     Nothing in this Order shall bar or otherwise restrict any attorney herein from rendering advice to his client with respect to this litigation and, in the course thereof, relying upon his examination of but without disclosing Confidential Information.

14.     The restriction set forth in any of the preceding paragraphs shall not apply to:

a.     Any information which, at the time of the disclosure, is in the public domain;

b.     Any information which, after disclosure, becomes part of the public domain through no act, or failure to act, on behalf of the receiving party, its trial counsel or technical experts;

c.     Any information which the receiving party, its trial counsel or technical experts can show was in its possession at the time of the disclosure; or

d.     Any information which the receiving party, its trial counsel or technical experts can show was received after the time of the disclosure hereunder from a third party having the right to make such disclosure and was not required to be held in confidence.

15.     This Stipulated Protective Order is without prejudice to the right of any party to seek additional protection with respect to any particular information or document on motion to this Court.

-6-

**SO ORDERED** this _____ day of ___**MAY 2 6 2005**___ , 2005.

_____
United States District Judge

_____
Gerald E. McGlynn, III (P41149)
Brian S. Pickell (P57411)
Robert A. Bondra (P61345)
BLISS McGLYNN, P.C.
2075 West Big Beaver Road, Suite 600
Troy, Michigan 48084-3443
248-649-6090
*Attorneys for Plaintiff*

_____
Robert J. Figa (P47159)
CAMPBELL, O'BRIEN & MISTELE, P.C.
850 Stephenson Hwy, Suite 410
Troy, Michigan 48083
248-588-5800
*Attorney for Defendants/Third-Party Plaintiff*

_____
K. Scott Hamilton (P44095)
DICKSON WRIGHT, PLLC
500 Woodward Ave, Suite 4000
Detroit, Michigan 48226
313-223-3500
*Attorneys for Third-Party Defendant*

-7-

## **AFFIDAVIT**

The undersigned, being duly sworn acknowledges the existence of a Stipulated Protective Order (hereinafter, "Order"), in the matter of Decker, Inc. v. G&N Equipment, Inc. et al., does hereby acknowledge that he/she has read and understands all terms and conditions contained therein. Furthermore, the undersigned agrees to be bound by all terms and conditions, subject to the penalties and remedies for violation of the Order.

Date: _____      Signed: _____

Print name: _____