UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DECKER, INC.,

    Plaintiff,

v.

G & N EQUIPMENT CO.,
and DANIEL ZIEHM,

    Defendants.

and

G & N EQUIPMENT CO.,

    Third-Party Plaintiff,

v.

ADAGIO GRAPHICS, LLC.,

    Third-Party Defendant.
_____/

CIVIL ACTION NO. 05-70128

DISTRICT JUDGE DENISE PAGE HOOD

MAGISTRATE JUDGE DONALD A. SCHEER

## REPORT AND RECOMMENDATION

**I.**    **RECOMMENDATION**:

I recommend that Third-Party Defendant Adagio's Motion to Dismiss the Third-Party Complaint be granted in part, and denied in part.

**II.**    **REPORT**:

    **A.**    **Procedural History**

Plaintiff Decker, Inc. filed this action on January 12, 2005, against defendants G&N Equipment and Daniel Ziehm, alleging violation of the Copyright Act, the Lanham Act and Unfair Competition. On February 17, 2005, G & N filed a Third-Party Complaint against

Adagio Graphics, LLC, alleging contributory copyright infringement, negligent misrepresentation, and breach of express and implied contract.  Third-Party Defendant Adagio Graphics, LLC filed its Motion to Dismiss the Third-Party Complaint on March 15, 2005.  Third-Party Plaintiff G & N Equipment Co. filed its response on April 4, 2005.  The motion was referred to the undersigned magistrate judge on April 20, 2005, and arguments were heard on June 7, 2005.

### B.     Applicable Law and Standard of Review

A motion to dismiss an action under Fed.R.Civ.P. 12(b)(1) is an assertion that the federal district court lacks subject matter jurisdiction over the action before it.  Fed.R.Civ.P. 12(h)(3) provides that the court's lack of subject matter jurisdiction may be asserted at any time by any interested party.  The district court must weigh the merits of what is presented on a Rule 12(b)(1) motion to dismiss, and decide the question of subject matter jurisdiction. "If, however, a decision of the jurisdictional issue requires a ruling on the underlying substantive merits of the case, the decision should await a determination of the merits either by the district court on a summary judgment motion or by the fact finder at the trial." Wright and Miller, Federal Practice and Procedure: Civil 3rd Section 1350.

Fed.R.Civ.P. 12(b)(6) provides that a complaint must be dismissed if it fails to state a claim upon which relief may be granted.  In assessing a motion to dismiss, the court "must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief."  Allard v. Weitzman (In Re: DeLorean Motor Co.), 991 F.2nd 1236, 1239-40 (6th Cir. 1993) (citing Meador v. Cabinet

for Human Resources, 902 F.2d 474, 475 (6th Cir.) cert. denied, 498 U.S. 867 (1990)); see also Conley v. Gibson, 355 U.S. 41 (1957). "A complaint need not set down in detail all the particularities of a plaintiff's claim, but must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Lillard v. Shelby Board of Education, 76 F.3d 716, 726 (6th Cir. 1996) (citations omitted).

    **C.**    **Factual History**

Plaintiff Decker, Inc. (Decker) is a Michigan corporation based in Rochester, Michigan. Decker's business activities include the manufacture and marketing of equipment to schools and industrial concerns in Michigan and throughout the United States. Its marketing functions include sales through copyrighted equipment catalogs.

G & N Equipment Co. (G&N) is a Michigan corporation based in Troy, Michigan. G&N also sells maintenance supplies and equipment to schools and industrial concerns. In 2004, defendant Daniel Ziehm, G&N's owner, contracted with third-party defendant Adagio Graphics, LLC (Adagio) for the design and creation of a marketing catalog for G&N products. Although no written contract was executed, it is undisputed that the contract price was $15,000.00, and that G&N was to supply artwork for the project. In doing so, G&N supplied pages from Decker's copyrighted sales catalog. There is considerable disagreement between G&N and Adagio regarding the use of Decker's copyrighted work. G&N maintains that it "specifically requested and Adagio agreed, for Adagio to use materials provided by G&N and to insure that the use of these materials would not violate applicable copyright laws." (Third-Party Complaint, paragraph 7). G&N further alleges that Adagio specifically agreed that it would create original artwork based on the Decker materials, in order to avoid any copyright issues. (Third-Party Complaint, paragraph 8).

Adagio, however, denies that it explicitly or implicitly guaranteed that artwork supplied by G&N would not violate copyright laws. (Third-Party Motion to Dismiss, page 3).

Plaintiff Decker maintains that materials published in the G&N catalog infringed its copyright. Decker served G&N with the three count Complaint in this action, asserting (1) copyright infringement under the Copyright Act, 17 U.S.C. §106; (2) violation of the Lanham Act, 15 U.S.C. §1125(a) and (3) common law unfair competition. G&N, in turn, filed its Third-Party Complaint against Adagio, alleging four counts: (1) contributory copyright infringement, (2) negligent misrepresentation, (3) breach of express contract, and (4) breach of implied contract.

### D. Analysis

When a motion to dismiss for lack of subject matter jurisdiction attacks the face of the complaint, a plaintiff's burden to prove federal question subject matter jurisdiction is slight, and requires only a showing that the complaint alleges a claim under federal law and that the claim is substantial. A case is "substantial" enough to withstand a motion to dismiss based on lack of subject matter jurisdiction unless prior decisions inescapably render it frivolous. Musson Theatrical, Inc. v. Federal Express Corp., 89 F.3d 1244, 1248 (6th Cir. 1996). In this case, Adagio's basis for dismissal of the Third-Party Complaint is a lack of standing on the part of G&N to pursue a claim of infringement of a copyright in which it holds no beneficial interest.

This court's subject matter jurisdiction was established in this case by Decker's well pleaded Complaint asserting claims against G&N under the laws of the United States. "The district courts shall have original jurisdiction of all civil actions arising under the . . . laws . . . of the United States." 28 U.S.C. §1331. Nonetheless, the fact that a federal question

might be involved does not of itself give anyone and everyone the right to litigate. The requisite standing must be alleged and shown. Brown v. Lutz, 316 F.Supp. 1096 (D.C. LA 1970).

### 1.     **Contributory Copyright Infringement**

The first count of G&N's Third-Party Complaint against Adagio seeks indemnification for any damages for which G&N may be liable on the Decker copyright infringement claim, on the theory of contributory copyright infringement. I am satisfied that the count must be dismissed based upon G&N's lack of standing to pursue it.

Copyright infringement is codified in the 1976 Copyright Act, at 17 U.S.C. §501. That section states in pertinent part that: "[t]he legal or beneficial owner of an exclusive right under a copyright is entitled . . . to institute an action for any infringement of that particular right committed while he or she is the owner of it." No section of the Act confers the right to institute an action for infringement upon any party other than the legal or beneficial owner. Contributory copyright infringement occurs when one "with knowledge of the infringing activity, induces, causes or materially contributes to the infringing conduct of another. Bridgeport Music Inc. v. Diamond Time Limited, 371 F.2d 383, 390 (6th Cir. 2004) (citing Gershwin Publishing Corp. v. Columbia Artist Management Inc. 443 F.2d 1159, 1162 (2nd Cir. 1971). Liability for contributory infringement is based on the contributing defendant's relationship to the direct infringement. Id. (citing Ez-Tixz, Inc. v. Hit-Tix, Inc., 919 F.Supp. 728, 732-33 (S.D. N.Y. 1996)). There can be no contributory infringement without a direct infringement. Mathew Bender and Co. v. West Publishing Co., 158 F.3d 693, 706 (2nd Cir. 1998). Based upon the plain language of the copyright act, a claim for contributory copyright infringement may be maintained only by the owner of a

legal or beneficial interest in the copyright in suit.  In this case, G&N has attempted to assert a claim against Adagio for contributory infringement of a copyright in which it owns no legal or beneficial interest.  Accordingly, G&N lacks standing to pursue its claim.  See Design Craft Fabric Corp. v. K Mart Corp., 2001 WL 688491 (N.D. ILL 2001) (dismissing a contributory copyright claim for lack of standing because plaintiffs were not owners or exclusive licensees of the copyright).  The cases cited by G&N in opposition to Adagio's Motion to Dismiss are unpersuasive.  While the district judge in Too, Inc. v. Kohl's Department Stores, Inc., 213 FRD 138 (S.D. N.Y. 2003) appears to have permitted an accused infringer to file a third party complaint against its former employees on a theory of contributory infringement, no discussion of the standing issue was included in the court's analysis.  The court relied upon Wales Industrial, Inc. v. Hasbro Bradley, 612 F.Supp. 510 (S.D. N.Y. 1985) which simply held that "[a]n individual who causes a corporate defendant to infringe copyrights and personally participates in the infringing activity is jointly and severely liable with the corporation for the infringement."  612 F.Supp. At 518.  In Wales, the joint and several liability was to the owner of a beneficial interest in the copyright in suit.  That point was simply ignored in the court's analysis in Too.  There is little doubt in the case at bar that Decker could assert a claim of contributory copyright infringement against Adagio based on allegations of knowing inducement or contribution to G&N's infringing activity.  Under the Copyright Act, however, no such right is afforded to a party who is not the legal or beneficial owner of an exclusive right under a copyright.

G&N's second citation is to Mansell Construction Co. v. Olesky, 1996 WL 28467 (N.D. ILL).  In that case, Mansell brought an action against Oleskys for copyright infringement, alleging that they had copied Mansell's copyrighted design and plans in the

6

construction of their home. The court permitted Oleskys to file a third party complaint against Rossi, who had prepared and designed the allegedly infringing plans for the Oleskys. The court denied a motion to dismiss the third party complaint. It did not, however, uphold the pleading on a theory of contributory copyright infringement, but on a finding that it was "an action for contribution". Jurisdiction over the claim was found under 28 U.S.C. §1367(a) because the Oleskys action against Rossi derived from the same nucleus of facts common to the original complaint by Mansell under the Copyright Act. I find no basis upon which to conclude that the Olesky decision supports G&N's attempt to prosecute a claim for contributory copyright infringement.

### 2.   **G&N's State Law Claims and Supplemental Jurisdiction**

The balance of G&N's complaint involves state law claims over which this court lacks original jurisdiction under 28 U.S.C. §1331 ("federal question") and 28 U.S.C. §1332 ("diversity of citizenship"). Thus, any assertion of jurisdiction over the balance of the Third Party Complaint must be based on the supplemental jurisdiction provisions of 28 U.S.C. §1367. That statute provides that "the district court's shall have supplemental jurisdiction over all other claims that are so related to claims in the action within (the court's) original jurisdiction that they form part of the same case or controversy . . .." Supplemental jurisdiction includes claims involving the joinder or intervention of additional parties. 28 U.S.C. §1367(a).

Adagio argues that the dismissal of G&N's contributory copyright infringement claim against it (as recommended herein) would warrant the declination of supplemental jurisdiction over the balance of the Third Party Complaint. I disagree. 28 U.S.C. §1367(c) provides that district courts may decline the exercise of supplemental jurisdiction under

certain specified conditions, which include the dismissal of <u>all</u> claims over which the court has original jurisdiction. Adagio argues that dismissal of G&N's contributory copyright infringement claim against it requires dismissal of the balance of the Third Party Complaint as well. It argues that, "when the federal claim upon which supplemental jurisdiction is based is dismissed for lack of subject matter jurisdiction . . ., the pendent claims must be dismissed. See, <u>Mussen Theatrical Inc. v. Federal Express Corp.</u>, 89 F.3d 1244, 1255 (6th Cir. 1996); <u>Field v. State of Michigan, et al.</u>, 255 F.Supp. 2nd 708 (E.D. Mich 2003). Otherwise, the argument goes, plaintiffs could avoid federal jurisdictional requirements by simply asserting a sham federal claim. While I agree with the argument in principle, I find that it does not apply to the facts of the case at bar.

There is no doubt that this court has original jurisdiction over the claims asserted by plaintiff, Decker, against defendant, G&N, under the Copyright Act of 1976 and the Lanham Act. 28 U.S.C. §1331. Any third party claims which derive from the same set of operative facts, and which are part of the same controversy, are subject to the exercise of this court's supplemental jurisdiction under 28 U.S.C. §1367. <u>United Mine Workers of America v. Gibbs</u>, 383 U.S. 715, 725 (1966). I am satisfied that the standard is met in this case.

> Third party claims by defendants for contribution against a third party under Federal Rule of Civil Procedure 14(a) generally do not require an independent jurisdictional basis. Instead, such claims fall within the court's supplemental jurisdiction if the impleaded defendants' actions share a "common nucleus of operative fact" with the case already before the court.

<u>Grimes v. Mazda North American Operations</u>, 355 F.3d 566, 572 (6th Cir. 2004). Even if this court has no independent basis for federal jurisdiction over the claims between G&N and Adagio, if the alleged breach of contract and negligent misrepresentations claims

8

asserted in the Third Party Complaint arise out of the same set of underlying facts as Decker's copyright infringement claim, they may be adjudicated in this action. Decker alleges copyright infringement based upon the design and production of G&N's catalog by Adagio.  G&N specifically alleges that Adagio undertook to ensure that the use of Decker's materials in G&N's catalog would not violate applicable copyright laws.  I am fully satisfied that the state law claims asserted in G&N's Third Party Complaint against Adagio arise out of a "common nucleus" of operative facts upon which plaintiff has relied in its Copyright Act and Lanham Act claims.  Judicial economy will be enhanced if all matters arising out of the production of the allegedly infringing catalog are addressed and resolved in a single action. Accordingly, this court should not decline the exercise of supplemental jurisdiction over G&N's state law claims against Adagio.

For all of the above reasons, I recommend that G&N's contributory copyright infringement claim against Adagio be dismissed for lack of standing and that the court deny the balance of Adagio's Motion to Dismiss the Third Party Complaint and exercise supplemental jurisdiction over the negligent misrepresentation and breach of contract claims[1] in the Third Party Complaint.

---

[1] The Third Party Complaint pleads alternative claims for recovery under theories of express contract and implied contract covering the same subject matter.  If the pleadings and/or evidence establish the existence of an express contract, the implied contract count must be dismissed.  Under Michigan law, there cannot be express and implied contracts covering the same subject matter at the same time.  See Burton v. Beaumont Hospital, ___ F.Supp. 2d ___, WL 1422232 (E.D. MI 2005); Campbell v. City of Troy, 42 Mich.App. 534, 537 (1972).

III.     **NOTICE TO PARTIES REGARDING OBJECTIONS:**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. Section 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991).  Filing of objections that raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  Smith v. Detroit Federation of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall not be more than five (5) pages in length unless by motion and order such page limit is extended by the Court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                                           s/Donald A. Scheer
                                                           DONALD A. SCHEER
                                                           UNITED STATES MAGISTRATE JUDGE

DATED: July 14, 2005

10

## CERTIFICATE OF SERVICE

I hereby certify on July 14, 2005 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on July 14, 2005.  **None.**

                                              s/Michael E. Lang
                                              Deputy Clerk to
                                              Magistrate Judge Donald A. Scheer
                                              (313) 234-5217