**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**DECKER INC.,**

**Plaintiff,**

**Case No. 05-70128**

**v.**

**HONORABLE DENISE PAGE HOOD**

**G & N EQUIPMENT CO., and DANIEL ZIEHM,**

**Defendants/Counter-Plaintiffs.**

**v.**

**ADAGIO GRAPHICS, LLC,**

**Third-Party Defendant.**
**_______________________________________/**

**ORDER REGARDING DEFENDANTS' MOTION TO DISMISS COMPLAINT**
**AND**
**NOTICE OF STATUS CONFERENCE**

## I. INTRODUCTION

This matter is before the Court on Defendants G & N Equipment Co. (G & N) and Daniel Ziehm's (Ziehm) Motion to Dismiss Complaint Pursuant to Fed.R.Civ.P. 56(b), filed June 10, 2005. Plaintiff filed a Motion for Extension of Time to File Response/Reply to Defendants' Motion to Dismiss Complaint on July 5, 2005. Plaintiff filed a Response to Defendants G & N Equipment and Daniel Ziehm's Motion to Dismiss on July 11, 2005. Defendants G & N and Ziehm filed a Reply on July 15, 2005.

## II. STATEMENT OF FACTS

Plaintiff's Complaint alleges three counts: (1) Copyright Infringement, in violation of 17

U.S.C. § 106; (2) Unfair Competition in violation of the Lanham Act, 15 U.S.C. § 1125(a); and (3) Unfair Competition in violation of Michigan common law. Plaintiff, Decker, Inc., derives much of its business from its equipment catalogs. (Compl. ¶ 9). Plaintiff owns U.S. Copyright Registrations TX 5-690-480 and TX 5-941-619 in connection with its 2003 and 2004 catalogs. *Id*. ¶ 10. Defendants are alleged to have published or caused to be published a catalog that violates Plaintiff's copyrights, as well as the unauthorized use of drawings within the Plaintiff's catalog. *Id*. ¶ 12.

## III. STANDARD OF REVIEW

The standard that must be satisfied to secure a dismissal via summary judgment is high. Pursuant to Rule 56(c), summary judgment may only be granted in cases where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." The moving party bears the burden of showing no dispute as to any material issue. *Equal Employment Opportunity Comm'n v. MacMillan Bloedel Containers, Inc.*, 503 F.2d 1086, 1093 (6th Cir. 1974). A dispute must be evident from the evidence in order to deny such a motion. Such a dispute must not merely rest upon the allegations or denials in the pleadings, but instead must be established by affidavits or other documentary evidence. Fed.R.Civ.P. 56(e). When ruling, the Court must consider the admissible evidence in the light most favorable to the non-moving party. *Sagan v. United States of Am.*, 342 F.3d 493, 497 (6th Cir. 2003).

## IV. APPLICABLE LAW & ANALYSIS

### A. Copyright Infringement

Plaintiff alleges that Defendants violated 17 U.S.C. § 106 by printing, publishing and

distributing unauthorized copies of copyrighted drawings found in Plaintiff's catalog. (Compl. ¶ 18). A copyright infringement claim requires proof of (1) ownership of a valid copyright and (2) copying of constituent elements of the work that are original. *Feist Publications v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991). The parties dispute both the validity of the copyright and whether the Defendant copied constituent elements of an original work.

**1. Ownership of a Valid Copyright**

Defendants argue that Plaintiff's copyright is not valid, because it seeks protection of an idea which is prohibited under 17 U.S.C. § 102(b). Section 102(b) provides:

> In no case does copyright protection for an original work of authorship extend to any idea, procedure, process, system, method of operation, concept, principle, or discovery, regardless of the form in which it is described, explained, illustrated, or embodied in such work.

17 U.S.C. § 102(b). "A copyright gives no exclusive right to the art disclosed; protection is given only to the expression of the idea – not the idea itself." *Mazer v. Stein*, 347 U.S. 201, 217 (1954). Under the merger doctrine, where there is essentially only one way to express an idea, the idea and its expression are inseparable, or merge and copyright is not bar to copying that expression. *Kohus v. Mariol*, 328 F.3d 848, 856 (6th Cir. 2003). Defendant argues that there is only one way to express the images of bathroom partitions or pencil sharpeners, and as such Plaintiff cannot be afforded copyright protection in these illustrations.

Plaintiff argues that the copyrights are registered by the United States Copyright Office and as such are presumed valid. Registration by the Copyright Office is *prima facie* evidence of a copyright's validity. *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 387 F.3d 522, 533-534 (6th Cir. 2004). The burden is on the party challenging the copyright to rebut the presumption. *Hi-Tech Video Productions, Inc. v. Capital Cities/ABC Inc.*, 58 F.3d 1093, 1095 (6th Cir. 1995).

Plaintiff submits copies of its Certificates of Registration as evidence of its registration with the United States Copyright Office. (Pl.'s Resp. App. 3 and 4). Defendants fail to address the Certificates of Registration in the Motion to Dismiss. As such, Defendants have not successfully rebutted the presumption of the copyright's validity.

**2. Copying of Original Constituent Elements of A Work**

Defendants assert that Plaintiff is claiming that the catalog itself is protected by copyright, and as a result is not protected under the compilation doctrine. Plaintiff, however, claims that the original expressions conveyed in the catalog are copyrighted, not the catalog itself. Among these original expressions, as expressed by Plaintiff, are (1) the drawings using color to highlight components; (2) the text promoting the components illustrated; (3) the photographs taken by the Plaintiff to highlight the components; and (4) the selection, arrangement, and presentation of the photographs and related materials, which were designed to illustrate the products in the most favorable light. (Pl.'s Resp. at 15).

Since Plaintiff is not asserting that the catalog itself is copyright protected, the compilation doctrine does not apply. The entire catalog would not be protected by copyright under the compilation doctrine. A copyrightable compilation requires the following three elements to be met: "(1) the collection and assembly of pre-existing material, facts or data; (2) the selection, coordination, or arrangement of those materials; and (3) the creation, by virtue, of the particular selection, coordination, or arrangement, of an 'original' work of authorship." *Feist Publications v. Rural Telephone Service Co., Inc.*, 499 U.S. 340, 357 (1991). The originality requirement is relatively low in a copyright infringement claim based on compilation. *Feist*, 499 U.S. at 358. Originality requires that the author make the selection or arrangement independently and that

compilation show some minimal level of creativity. *Id*. However, "the selection and arrangement of facts cannot be so mechanical or routine as to require no creativity whatsoever." *Id*. Plaintiff's catalog would not meet the originality standard required for copyright protection based on compilation. In so far as Plaintiff's copyright claim may assert the protection of the entire catalog, the claim is dismissed.

**a. Originality**

Upon a finding that the plaintiff has shown proof of a valid copyright, the court must determine whether the defendant copied constituent elements of the work that are original. *Feist*, 499 U.S. at 361. "Original, as the term is used in copyright, means only that the work was independently created by the author (as opposed to copied from other works), and that it possesses at least some minimal degree of creativity." *Feist*, 499 U.S. at 345.

Plaintiff asserts that the copyright claim involves four original expressions: (1) drawings using color to highlight components; (2) text promoting the components illustrated; (3) photographs taken by the Plaintiff to highlight the components; and (4) the selection, arrangement, and presentation of the photographs and related materials, which were designed to illustrate the products in the most favorable light. (Pl.'s Resp. at 15). Plaintiff argues that there are numerous other ways to present the same products in a catalog, but that the Defendant chose to copy the selection, arrangement and presentation found in Plaintiff's catalog. *Id*. at 16. Defendant asserts that Plaintiff's catalog is not copyrightable based on a recent Sixth Circuit case, *ATC Distribution Group, Inc. v. Whatever It Takes Transmissions & Parts, Inc.*, 402 F.3d 700 (6th Cir. 2005). Defendant claims *ATC* is almost identical to the present case. Defendant further argues that the Plaintiff's catalog is not copyrightable for two reasons (1) the illustrations are mere reproductions of previous

illustrations that do not have the substantial variation required to justify copyright protection and (2) the arrangement of the illustrations in the catalog are not sufficiently original to justify copyright protection.

*ATC* involved the plaintiff's parts catalog that contained illustrations which were an artist's sketched copies of photographs found in a catalog belonging to another distributor. *Id*. at 704. The plaintiff's copyright infringement claim was based on the copying of the plaintiff's catalog, part numbers and illustrations. *Id*. The Sixth Circuit held that the catalog, part numbers and illustrations lacked originality as required for copyright protection. *ATC*, 402 F.3d 700. The Court further held that the classification scheme was not copyrightable, because the sorting of parts in the catalog was almost identical to the distributor's catalog on which it was based. *Id*.

The current case, however, is distinguishable from *ATC*. The copyright claim in *ATC* involved illustrations and part numbers, as well as the catalog itself. Since, it has been determined that the current case does not involve the question of the protection of the catalog itself, the Court will consider only the Sixth Circuit's holding regarding the illustrations and part numbers.

The illustrations involved in *ATC* were hand-drawn sketches copied from photographs in competitors' catalogs. A reproduction of a photograph in a different medium is copyrightable if it involves "great skill and originality" or "substantial variation, not merely a trivial variation such as might occur in the translation to a different medium." *ATC*, 402 F.3d at 712, *citing L. Batlin & Son v. Snyder*, 536 F.2d 486, 492 (2d Cir. 1976). Mere "sweat of the brow," or mere demonstration of physical skill or special training is insufficient for copyright protection. *Id*. The Sixth Circuit held that the illustrations in the plaintiff's catalog did not meet the "substantial variation" requirement of copyright protection, as the illustrations were intended to reproduce the parts shown in the

photographs they were based on as accurately as possible. The current case is distinguishable, as the issue is not the illustrations themselves, but rather the use of color in the illustrations to highlight the components. This use of color to highlight the components is not the sort of variation that may occur simply by the translation to another medium. Whether or not the use of color to highlight the components is a substantial variation which could be afforded copyright protection is a dispute of a material issue. Defendant even appears to agree that Plaintiff's arrangement of the illustrations could possibly receive copyright protection. (Def.'s Mot. Dismiss at 14).

The Court in *ATC* further held that the part numbers were barred from copyright protection partially by the merger doctrine and partially by originality. *Id*. at 708. The Court held that part numbers were the only reasonable way to express the underlying idea and that the numbering was based on a series of random orderings and thus was not creative enough to be original. *Id*. at 708-709. The Court further held, "the particular numbers allocated to each part do not *express* any of the creative ideas that went into the classification scheme in any way that could be considered eligible for copyright protection." *ATC*, 402 F.3d at 709 (emphasis in original), *citing Mitel, Inc. v. Iqtel, Inc.*, 124 F.3d 1366, 1374 (10th Cir.1997) ("[T]he random and arbitrary use of numbers in the public domain does not evince enough originality to distinguish authorship").

Unlike the part numbers in *ATC*, the current claim is not barred by the merger doctrine or originality. The current copyright claim does not solely involve part numbers, but also text used to describe the components shown in Plaintiff's catalog. The merger doctrine does not apply to the text used in the Plaintiff's catalog. As mentioned above, the merger doctrine states that where there is essentially only one way to express an idea, the idea and its expression merge and copyright is not a bar to copying that expression. *Kohus*, 328 F.3d at 856. The text used is not essentially the only

way to describe the components shown in the catalog. Furthermore the text used is original, as the words express a minimal degree of creativity. The words are used to describe each component in a way to promote sale of such components. For example one caption reads,

> HEADRAIL BRACED (82" HIGH*) The most cost effective and vandal proof design offered. Braced both at handrail and floor. It is engineered for long lasting durability. Anti-grip headrail deters vandalism.

(Pl.'s Resp. App. 6). Plaintiff has shown sufficient evidence of originality in the text so as to be copyright protected.

*ATC* did not involve copyright infringement based on copies of photographs or the selection, arrangement or presentation of illustrations in the catalog, and therefore is not applicable to the Plaintiff's remaining expressions. Photographs can be determined to be original expressions. *Burrow-Giles Lithographic Co. . Sarony*, 111 U.S. 53 (1884); *Bleistein v. Donaldson Lithographing Co.*, 188 U.S. 239 (1903); *Rogers v. Koons*, 960 F.2d 301 (2d Cir. 1992); *Jeweler's Circular Publishing Co. v. Keystone Publishing Co.*, 274 F. 932 (S.D.N.Y. 1921)(Hand, J.) ("[B]ecause no photograph, however simple, can be unaffected by the personal influence of the author, and no two will be absolutely alike"). The Second Circuit, in *Rogers*, 960 F.2d at 307, held: "Elements of originality in a photograph may include posing the subjects, lighting, angle, selection of film and camera, evoking the desired expression, and almost any other variant involved... To the extent that these factors are involved, [the photograph] is the product of plaintiff's artistic creation." *Id*. In the current case, the photographs in question originate with the Plaintiff. (Pl.'s Resp. App. 1, ¶ 14). Plaintiff further asserts that the products were lighted and posed a certain way in order to enhance the appeal of the products. (Pl.'s Resp. at 4). As such, to the extent that lighting and posing were involved in the photographs, the Plaintiff has shown sufficient evidence to support a claim of

originality in the photographs.

Plaintiff's final expression of issue in this case is the selection, arrangement and presentation of the photographs and related materials. Defendant argues that the selection, arrangement and presentation of the photographs and related materials are insufficiently original to receive protection. (Def.'s Mot. Dismiss at 14). The Supreme Court has held that "the selection an arrangement of facts cannot be so mechanical or routine as to require no creativity whatsoever." The standard of originality is low, but it does exist." *Feist*, 499 U.S. at 362. Originality, in the selection or arrangement, only requires that the author make the selection or arrangement independently, and display a minimal level of creativity. *Id*. at 358. Defendant asserts that the arrangement of Plaintiff's catalog is "commonplace," and "practically inevitable," and as such does not display the minimal level of creativity needed to show originality. (Def.'s Mot. Dismiss at 14). Plaintiff argues that the photographs featured in its catalog were chosen from a provided supply of photographs, and that it chose the photographs which best displayed its products. (Pl.'s Resp. at 10). Plaintiff further argues that the selection, arrangement and presentation of the materials in its catalog were designed to illustrate the products in the most favorable light. *Id*. at 15. Plaintiff also submits a copy of its catalog which displays various details clearly designed to highlight certain products, including arrows; placement of the illustrations and dimensions; and specific arrangement of the text. Upon examining the selection, arrangement and presentation of the illustrations, photographs and other related materials, the Court finds that the Plaintiff has shown sufficient evidence of originality in the arrangement and selection to survive summary judgment.

**b. Copying of Constituent Elements**

The Court must also determine whether the Defendant copied constituent elements of original expressions. *Feist*, 499 U.S. at 361. In the absence of direct evidence of copying, a plaintiff may establish the copying element by showing "(1) access to the allegedly-infringed work by the defendant(s) and (2) a substantial similarity between the two works at issue." *Stromback v. New Line Cinema*, 384 F.3d 283, 293 (6th Cir. 2004). Substantial similarity is shown when "the accused work is so similar to the plaintiff's work that an ordinarily reasonable person would conclude that the defendant unlawfully appropriated the plaintiff's protectable expression by taking material of substance and value." *Id*. at 297. Random similarities throughout the work may be discounted. *Id*. The question is whether a lay observer would find the expressive elements of the works substantially similar to one another. *Id*. "In copyright infringement cases granting summary judgment, particularly in favor of the defendant, is a practice to be used sparingly, but a court may compare the two works and render a judgment for the defendant on the ground that as a matter of law a trier of fact would not be permitted to find substantial similarity." *Kohus*, 328 F.3d at 853.

Upon examination of the Plaintiff's and Defendant G&N's catalog, the Court cannot hold that as a matter of law the trier of fact would not be permitted to find substantial similarity. Defendant's catalog features the use of color in the same manner that Plaintiff's catalog does, to highlight the same components highlighted with in the Plaintiff's catalog. Defendant's catalog uses a shade of green to highlight the components, while Plaintiff's catalog uses a shade of red. Defendant's catalog also features the exact same text used in the Plaintiff's catalog to describe various components on display. Plaintiff has sufficiently shown substantial similarity between the two catalogs to survive summary judgment.

Since the Defendants have not rebutted the presumption of validity, the material in question

satisfies the originality requirment and a trier of fact could find substantial similarity, summary judgement is not appropriate for Count I, copyright infringement.

**B. Unfair Competition in Violation of the Lanham Act**

Plaintiff alleges that Defendants G &N and Ziehm committed acts of unfair competition in violation of the Lanham Act by reproducing Plaintiff's drawings in their catalog in order to confuse the public into believing that the part and equipment advertised were approved or authorized by the Plaintiff. (Compl. ¶ 26, 34-36). Unfair competition in violation of the Lanham Act is governed by 15 U.S.C. § 1125(a)(1)(A). The applicable provisions read:

> **(1)** Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which –
>
> > **(A)** is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person...

15 U.S.C. § 1125(a)(1)(A). An unfair competition claim entails the same analysis as the essence of a trademark or tradename infringement claim brought pursuant to 15 U.S.C. § 1114(1). *Autozone, Inc. v. Tandy Corp.*, 373 F.3d 786, 791-792 (6th Cir. 2000). The Sixth Circuit considers eight factors to determine whether a likelihood of confusion exists:

> (1) the strength of the plaintiff's mark;
> (2) the relatedness of the goods and services;
> (3) the similarity of the marks;
> (4) the evidence of actual confusion;
> (5) the marketing channels used;
> (6) the likely degree of purchaser care and sophistication;
> (7) the defendant's intent in selecting the mark; and
> (8) the likelihood of expansion of the product lines using the mark.

*Frisch's Restaurants, Inc. v. Elby's Big Boy of Steubenville, Inc.*, 670 F.2d 642, 648 (6th Cir. 1982).

Defendant asserts that the Plaintiff cannot prove any losses or damages as a result of

confusion, or that Defendant's catalog is likely to cause confusion. Plaintiff's President John Chase states that the Plaintiff has received numerous phone calls from customers seeking to purchase Plaintiff's components based on Defendant's catalog. (Pl.'s Resp. App. 1, Chase Aff. ¶ 32). Plaintiff does not, however, have records of the telephone calls, as the Plaintiff does not keep such records in the regular course of business, and Defendant has not informed Plaintiff of the number of sales received based on Plaintiff's components. (Defs.' Mot. Dismiss, Ex. D, Answer 6). The only evidence Plaintiff submitted to show the likelihood of confusion is the affidavit of its President. Plaintiff has not attempted to address any other of the considered factors to show in its Response. As such, Plaintiff has not submitted sufficient evidence to show likelihood of confusion between its catalog and the Defendant's. As such, summary judgement is appropriate on Count II, unfair competition in violation of the Lanham Act.

**C. Unfair Competition Under Michigan Common Law**

Plaintiff finally alleges that Defendants G & N and Ziehm committed unfair competition in violation of Michigan common law. Defendants G & N and Ziehm assert that this count should be dismissed because it is preempted by federal law. Preemption in copyright claims is governed by 17 U.S.C. § 301(a), which reads:

> On and after Jnauary 1, 1978, all legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright as defined by section 106 in works of authorihship that are fixed in a tangible medium of expression and come within the subject matter of copyright as specified by section 102 and 103, whether created before or after that date and whether published or unpublished, are governed exclusively by this title. Thereafter, no person is entitled to any such right or equivalent right in any such work under the common law or statutes of any State.

17 U.S.C. § 301(a). A state law claim is preempted by federal law if: (1) the work is within the scope of the "subject matter of copyright," as provided in 17 U.S.C. §§ 102 and 103; and (2) the

rights granted by state law are equivalent to any exclusive rights within the scope of federal copyright as specified in 17 U.S.C. § 106. *Wrench LLC v. Taco Bell Corp.*, 256 F.3d 446, 453 (6th Cir. 2001). Preemption of state law claims is not precluded by the fact that none of the works in question are eligible for copyright protection. *ATC*, 402 F.3d at 713.

Literary, pictorial and graphic works are included in the subject matter of copyright under 17 U.S.C. § 102. *Id*. § 102(a)(1) and (5). Since Plaintiff's unfair competition claim is based on the reproduction of text, illustrations and photographs, Plaintiff's claim falls within prong one of the copyright preemption analysis.

Satisfaction of the equivalency element, requires the determination of whether the state law at issue asserts rights that are the same as rights protected under 17 U.S.C. § 106. *Wrench*, 256 F.3d at 455. Among other things, Section 106 protects the copyright owner's right to reproduce the copyrighted works in copies and display the copyrighted works publically. 17 U.S.C. § 106(1) and (5). "Equivalency exists if the right defined by state law may be abridged by an act which in of itself would infringe one of the exclusive rights." *Wrench*, 256 F.3d at 456. Stated another way, if an extra element is required instead of or in addition to the reproduction, performance, distribution or display to constitute a cause of action based on state law, there is no preemption. *Id*.

The current claim rises out of the reproduction and display of certain illustrations, text and photographs copyrighted by the Plaintiff. No additional element is required to satisfy the state common law claim of unfair competition. The Plaintiff's unfair competition claim, pursuant to Michigan common law, is based solely on Defendants' alleged reproduction and display of Plaintiff's copyrighted material in its catalog. The rights asserted by Plaintiff in Count III are equivalent to the exclusive rights of reproduction and display within the general scope of copyright.

Since Count III involves works within the subject matter of copyright and the rights granted under Michigan's common law are equivalent to exclusive rights within the scope of copyright, Plaintiff's unfair competition claim in violation of Michigan common law claim is preempted by federal copyright law. As such, summary judgment is appropriate and Count III is dismissed.

Accordingly,

IT IS HEREBY ORDERED that Defendants G & N Equipment and Daniel Ziehm's Motion to Dismiss Complaint Pursuant to Fed.R.Civ.P. 56(b) **[Docket No. 24, filed June 10, 2005]** is GRANTED IN PART and DENIED IN PART.

IT IS FURTHER ORDERED that Plaintiff's Motion for Extension of Time to File Response/Reply to Defendants' Motion to Dismiss the Complaint **[Docket No. 27, filed July 5, 2005]** is GRANTED.

IT IS FURTHER ORDERED that Counts II and III of Plaintiff's Complaint, unfair competition under the Lanham Act and Michigan's common law, are DISMISSED.

IT IS FURTHER ORDERED that a Status Conference is scheduled in this matter on **Tuesday, May 30, 2006, 2:15 p.m.**

/s/ DENISE PAGE HOOD
DENISE PAGE HOOD
United States District Judge

DATED: March 31, 2006